FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 11 2024

MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        24-MJ-297

MARCOS GUERRERO CASTILLO, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Marcos Guerrero Castillo's Notice of Appeal of Order of Detention and Request for a De Novo Hearing on the Issue of Detention, (Doc. 14), filed March 19, 2024. My *de novo* review has included the Criminal Complaint, (Doc. 1), the Pre-trial Services report, (Doc. 5), the Clerk's Minutes, (Doc. 9), the Order of Detention Pending Trial, (Doc. 12), the audio recording of the Detention Hearing held before Magistrate Judge Ritter on March 7, 2024, the briefing of the parties, (Docs 14 and 15), and the applicable law. Having determined a hearing on this appeal is not necessary and for the following reasons, I affirm Judge Ritter's order of detention.

    *I.*    *Background*

On March 4, 2024, a criminal complaint was filed charging Defendant with a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), Conspiracy to Transport Illegal Aliens. The charges against Defendant stem from a Border Patrol traffic stop on a vehicle on Highway 26 in the area of Deming, New Mexico. Defendant was identified as the driver and the Border Patrol agents on the scene determined that the 12 passengers, including 8 in the passenger compartment and 4

more located in the locked covered cargo bed, were citizens of Mexico, Honduras and Guatemala.

Defendant initially appeared on the criminal complaint on March 4, 2024. A detention hearing was held before the Honorable Jerry H. Ritter on March 7, 2024. The United States moved for detention, arguing the weight of the evidence against Defendant is strong, including his admissions to the offense, that the group of 12 immigrants included an unaccompanied minor; Defendant's criminal history includes drug-related crimes and crimes of violence. In addition, the instant charge is based on evidence, including Defendant's admission to his role in connection with the group of immigrants in his vehicle and at his residence and that he coordinated other people in the conspiracy. The evidence also includes that four of the immigrants were locked in the cargo area of his pickup truck. The United States also points to Defendant's frequent travel to Mexico, describing eight border crossings in one year alone.

Defendant, through counsel, pointed to his lifelong residence in Dona Ana County; his employment and car detailing business; if he is released, he would live with his mother, who is willing to serve as his third-party custodian; the alleged offense was committed out of economic necessity; his post-arrest cooperation with investigators; and history of minimal travel to Mexico. He is willing to be under zero-tolerance conditions and electronic monitoring. Defendant also acknowledged his drug-related history relates to marijuana possession, which has since been legalized in New Mexico. Defendant's mother and a family friend, a local State Farm Insurance businesswoman, both spoke at the hearing in support of Defendant and their willingness to supervise him if he is released.

Judge Ritter ordered Defendant detained, concluding Defendant is a danger based on clear and convincing evidence and a flight risk based on a preponderance of evidence. Judge

Ritter also concluded that no condition or combination of conditions would assure the safety of the public or his appearance as required. He found the evidence against Defendant is strong; Defendant's criminal history includes a history of violence; that he lacks stable employment; and his significant ties outside the United States. (Doc. 12). This appeal follows.

*II.     Standard of Review and Applicable Law*

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

*III.    Analysis*

In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

3

criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The offense of Conspiracy to Transport is serious, carrying with it a statutory maximum sentence of 10 years. Although any sentence imposed would be based on the Sentencing Guidelines and lower than the 10-year maximum, such aggravating factors that are alleged here, i.e., Defendant's role, the number of immigrants being harbored and transported (12-25), the dangerous manner of transporting the immigrants, and the presence of an unaccompanied minor, all would contribute toward a serious term of incarceration, thus incentivizing flight.

I agree with Judge Ritter - the weight of the evidence here is strong. The criminal complaint alleges the following: Defendant was encountered on March 1, 2024, in an area of Deming on a highway that is commonly used for smuggling undocumented immigrants. When stopped by Border Patrol agents, Defendant was transporting people that were confirmed to be from Mexico, Honduras, and Guatemala including eight in the passenger compartment and four more located in the locked cargo area of the pickup. One of the immigrants was an unaccompanied minor. Defendant admitted knowing the passengers were not United States citizens. He said he lives in Las Cruces and hires other people to transport immigrants to other locations, including Albuquerque. He stated that one of his drivers picked up 25 immigrants in Santa Teresa, New Mexico, and transported them to Defendant's apartment in Las Cruces. He also stated that on this date, no driver was available to transport the group to Albuquerque, so he

4

transported 12 immigrants himself and 13 remained at his apartment. He described how he had a driver ahead scout the Border Patrol checkpoint and was told the checkpoint was not inspecting at that time. He also acknowledged knowing about the unaccompanied minor.

Defendant's history and characteristics include that he was born in Ventura, California, that he has lived in California; Santa Teresa, New Mexico; Berino, New Mexico; Las Cruces, New Mexico; and Mesquite, New Mexico, though his mother reports he has lived in Sunland Park and not Santa Teresa. Defendant reported being unemployed in recent months after being self-employed with an auto-detailing business, though his attorney states he still has the auto detailing business. His criminal record includes two drug-related convictions, a charge of assault and aggravated battery with unknown disposition; a burglary charge with unknown disposition; a deferred adjudication for threatening or intimidating by telephone; a conviction for domestic violence; and a 2024 charge for battery that was dismissed for unspecified reasons but may be refiled. As to the latter charge, the PTS report documents defendant's admission to grabbing and pushing the victim in an "insolent and angry manner."

After an exchange with defense counsel on the subject, Judge Ritter found the recent policy change in New Mexico legalizing marijuana to be unhelpful to Defendant, instead pointing to Defendant's earlier drug convictions that, even if expunged, indicate his pattern of violating then-existing law and indicative of his current risk of non-appearance. I agree.

Moreover, I am concerned about Defendant's history of violence, as indicated in his domestic violence conviction. The manner in which Defendant was transporting 12 immigrants, including four in the locked rear cargo area shows at lease a callous disregard for their safety, but with his conviction for domestic violence, he shows a danger to the community. I'm also

concerned with his lack of a stable residence and lack of stable, verifiable employment, as well as his history of traveling to Mexico, indicating ties to the foreign country.

While Defendant's mother and family friend are willing to supervise him, I am not confident this condition, electronic monitoring nor any other condition or combination of conditions will assure the safety of the community or his appearance as required.

*IV. Conclusion*

Having considered the foregoing § 3142(g) factors, the Court concludes by clear and convincing evidence that Defendant is a danger and by a preponderance of the evidence that he is a flight risk. The Court further concludes that no condition or combination of conditions will assure the safety of the community or his appearance. The order of the Magistrate Judge is affirmed. Defendant shall remain in the custody of the United States Marshal pending trial.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE